**UNITED STATES, Appellee,**

v.

**Private E–2 Kim M. ANGEVINE, SSN 082–60–2793, United States Army, Appellant.**

**CM 442945.**

U.S. Army Court of Military Review.

18 April 1983.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire II, JAGC, Captain Michael T. Kelly, JAGC, and Captain Vivian B. Wiesner, JAGC, were on the pleadings for appellant.

Lieutenant Colonel John T. Edwards, JAGC, Major Thomas M. Curtis, JAGC, and

**520**

Captain Arthur L. Passar, JAGC, were on the pleadings for appellee.

Before HANSEN, MILLER and BADAMI, Appellate Military Judges.

OPINION OF THE COURT

MILLER, Senior Judge:

Appellant, an administrative clerk at the Fort Gordon, Georgia, military police (MP) station, appeals her conviction of two specifications of larceny[1] contending that the military judge erred in admitting her confession. More specifically, appellant claims that the "taint" of an illegal seizure of the stolen money was not sufficiently attenuated and therefore her confession was not voluntary.

The essential facts are these. Appellant watched while MP investigator Crosby copied money on a Xerox machine. When Crosby had finished, he inadvertently left $140 in currency in the machine. When he discovered his mistake, he returned to the Xerox machine but found the money missing. Concluding that appellant had taken the money, Crosby went to her barracks room and demanded the money. Appellant retrieved the funds from her room and gave it to him. Crosby failed to advise appellant of her Article 31, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 831, rights before making his demand.[2] The next morning at about 0700 hours, appellant approached her First Sergeant (1SG) and told him what transpired. Although he asked her to elaborate on her statement, the 1SG did not advise appellant of her Article 31 rights.

At about 0900 hours that morning, some five hours after returning the money, appellant was brought to the MP station. There, an investigator Libengood explained to appellant that her prior actions and statements could not be used against her in a criminal trial as that evidence was obtained illegally. Appellant indicated she understood her Article 31 rights and the so-called "cleansing statement." She waived her rights and confessed. That confession reiterated:

> I have been advised of my legal rights and fully understand. I do not request any legal counsel at this time. I have been advised by INV. LIBENGOOD that the money obtained by INV. CROSBY and any statements or actions made by me cannot be used in a criminal trial . . . that had been made or obtained prior to my being advised of my legal rights.

■ The money and most of appellant's statement to her 1SG were suppressed by the military judge. Defense counsel was not successful in his move to suppress appellant's confession to investigator Libengood as the "poisoned fruit" of her prior "admission by conduct." In admitting the confession, the military judge found that five hours had elapsed between the illegal seizure and the interrogation by Libengood; a different investigator was involved; a different location was used for the interrogation; investigator Crosby was not present for Libengood's interrogation; and Crosby had not discussed with Libengood what had occurred up to that point. We agree with the military judge's ruling and findings of fact.

■ Under circumstances such as those herein, the government is required to demonstrate that the "taint" of the illegally obtained evidence has been "attenuated" in order to permit admission of a subsequent confession. *See United States v. Butner*, 15 M.J. 139 (C.M.A.1983); *United States v.*

---

1. Appellant was convicted by a military judge sitting as a general court-martial. She pleaded guilty to stealing $100.00 from one of her roommates and not guilty to larceny of $140.00, the offense with which this opinion is concerned. Her approved sentence included a bad-conduct discharge, confinement at hard labor for 7 months, total forfeitures, and reduction to the grade of Private E–1.

2. *Compare United States v. Cuthbert*, 11 U.S.C. M.A. 272, 29 C.M.R. 58 (1960). There is no evidence in this record that there existed probable cause to arrest the appellant or to search her room.

*Wynn,* 13 M.J. 446 (C.M.A.1982); *United States v. Seay,* 1 M.J. 201 (C.M.A.1975).

In *Seay,* then Chief Judge Fletcher indicated the "factors to be weighed in resolving whether the presumptive taint of the former interrogation has been overcome are the time lapse between the questioning periods, whether the accused was again questioned by the same individual who obtained the prior inadmissible statement, whether the accused [herself] made an acknowledgement that [her] prior admissions did not influence [her] decision to incriminate [herself] again, and whether the interrogator relied upon the prior admissions in seeking a subsequent statement." 1 M.J. at 204. Chief Judge Fletcher also said in *Seay* that in addition to a rewarning of the accused, the preferable or best course in seeking an additional statement would be to advise the accused that prior illegal admissions or other improperly obtained evidence incriminating the accused could not be used against her. *Id.*

The "preferable course" was followed in this case. Appellant was given a "cleansing statement" which she acknowledged understanding. Although that cleansing statement alone might not have been sufficient, that coupled with the time lapse, change of investigators, change of location, the absence of investigator Crosby, and the absence of any discussions between Crosby and Likengood regarding prior developments convinces us that appellant's confession was not the "poisoned fruit" of illegally obtained evidence.

Accordingly, the findings of guilty and the sentence are affirmed.

Chief Judge HANSEN and Judge BADAMI concur.